IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JAMEL DEANGELO THOMPSON,

    Plaintiff,

vs.

CORRECTIONS CORPORATION
OF AMERICA; TODD THOMAS;
PEGGIE COOPER; MICHAEL
WOODS; JOSEPH RUSSELL;
and JOHN M. FERGUSON,

    Defendants.

CIVIL ACTION NO.: CV510-069

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, as amended, Plaintiff contends that the prison psychologists used a standard for mental incapacity which is different than that set forth in O.C.G.A. § 9-3-90. Plaintiff also contends that he was taking his anti-hallucination medication on a consistent basis, visited help groups, and attended counselor meetings and psychiatrist appointments, which helped him cope "under his mental disability which was caused by the assault related issues." (Doc. No. 64-1, p. 3). Plaintiff asserts that he is entitled to tolling of the applicable statute of limitations period because he was suffering from mental incapacitation.

AO 72A
(Rev. 8/82)

As Plaintiff correctly notes, "the test for mental incapacity [under O.C.G.A. § 9-3-90] . . . is one of capacity—whether the individual, being of unsound mind, could not manage the ordinary affairs of his life." Lawson v. Glover, 957 F.2d 801, 805 (11th Cir. 1987). There is no evidence before the Court which indicates Plaintiff was not able to manage "the ordinary affairs of his life." Id. In fact, the evidence before the Court reveals that, while Plaintiff undoubtedly struggles with mental health issues, he has been able to function properly with medication. (See, e.g., Doc. No. 53-8, pp. 31-34, 49-66). In addition, there is evidence that Plaintiff's mental health issues began in July 2002, (Doc. No. 53-8, p. 31), rather than as a result of the assault by another inmate. Moreover, the proper standard for mental incapacity for this Court is found in O.C.G.A. § 9-3-90 and as defined in Lawson. Plaintiff is not entitled to the tolling of the two-year statute of limitations period applicable to causes of action brought pursuant to 42 U.S.C. § 1983.

Plaintiff alleges that the Magistrate Judge failed to consider the evidence he provided which shows that the exhaustion procedures required him to fill out inmate request forms, speak with staff, contact Corrections Corporation of America, fill out incident reports, make "verbal efforts", and follow the informal and formal grievance processes. (Doc. No. 63, p. 3). Even though inmates were encouraged to resolve their complaints without filing a formal grievance, if a resolution could not be reached, the inmate was required to file a written informal grievance. (Doc. No. 56-1, p. 4). An informal grievance was required to be filed no later than ten (10) calendar days from the date the inmate knew or should have known of the facts giving rise to the grievance. (Id. at p. 5). Plaintiff's informal grievances were filed well after this ten (10) day limit and

only a short time before he filed his Complaint. As the Magistrate Judge noted, Plaintiff did not exhaust his administrative remedies prior to filing his cause of action.

Plaintiff's Objections are **overruled**. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. Defendants' Motion for Summary Judgment is **GRANTED**. Plaintiff's deliberate indifference claim is **DISMISSED** as time-barred, with prejudice. Plaintiff's retaliation claim is **DISMISSED**, without prejudice, due to his failure to exhaust his administrative remedies. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 30 day of December, 2011.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3